IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

Civil Action No. 1:17-cv-00316-KMT

ANITA VIGIL o/b/o V.D.V., a Minor,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

---

MEMORANDUM OPINION AND ORDER

---

Magistrate Judge Kathleen M. Tafoya

This action seeks review of the Commissioner's final decision denying Plaintiff's claim for children's supplemental security benefits under Title XVI of the Social Security Act ("Act"). Pursuant to the consent of the parties, this civil action was referred to the Magistrate Judge pursuant to Title 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C.Colo.LCivR 72.2. *See* Docs. 13, 18, 19. The court has carefully considered the Complaint (filed February 2, 2017) (Doc. 1), Plaintiff's Opening Brief (filed April 28, 2017) (Doc. 15), Defendant's Response Brief (filed May 22, 2017) (Doc. 16), Plaintiff's Reply (filed May 29, 2017) (Doc. 17), the entire case file, the administrative record, and applicable case law. For the following reasons, the court REMANDS the Commissioner's decision for further proceedings.

**I. BACKGROUND**

V.D.V. was born on November 19, 1999. His mother, Anita Vigil, filed for benefits on October 18, 2013, alleging that the child was disabled as of October 1, 2011, as a result of

1

attention deficit disorder ("ADD") and depression. (*See* Social Security Administrative Record (hereinafter "AR") at 91-99, 110, 119). After the application was administratively denied, Ms. Vigil requested a hearing before an administrative law judge ("ALJ"). *Id*. at 58. The hearing was conducted on November 4, 2015. *Id*. at 27-43. At the time of the hearing, V.D.V. was nearly 16 years old.

The ALJ ultimately found that V.D.V. was not disabled as defined in the Act and, therefore, not entitled to supplemental security income childhood disability benefits. Although the evidence established that V.D.V.'s depression and ADD were severe impairments, the ALJ concluded that the severity of those impairments neither met nor medically equaled, nor were functionally equivalent to, any impairment listed in the regulations. *Id*. at 11-22.

Following the ALJ's decision, Ms. Vigil requested review and submitted additional evidence. *See id*. at 1-4. The Appeals Council denied the request for review on December 9, 2016. *Id*. The decision of the ALJ then became the final decision of the Commissioner. 20 C.F.R. § 416.1481, 422.210(a); *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on February 2, 2017. Doc. 1. The court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in his

decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

### III. THE LAW

A person under the age of eighteen is disabled within the meaning of the Act if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i); *see also* 20 C.F.R. § 416.906. No individual under the age of eighteen will be considered disabled if he or she is engaging in substantial gainful activity. 42 U.S.C. § 1382c(a)(3)(C)(ii).

The Social Security Regulations establish a three-step sequential evaluation to determine whether an individual under the age of eighteen is disabled under Title XVI of the Act. 20 C.F.R. § 416.924; *Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001). At step

3

one, the Commissioner must determine whether the child is gainfully employed. If the answer is no, the inquiry proceeds to the second step. 20 C.F.R. § 416.924(a) and (b). At step two, it must be determined whether the child has an impairment or combination of impairments that is severe. If the impairment or combination of impairments is not severe, the inquiry is at an end. *Id*. § 416.924(a) and (c). If they are severe, the Commissioner must ask whether the child's impairment meets, medically equals, or functionally equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404, and meets the durational requirement. *Id*. at § 416.924(a) and (d).

## IV. ANALYSIS

Ms. Vigil raises numerous arguments on appeal. One of those arguments — the ALJ erred in failing to separately consider the criteria of medical equivalence from those of functional equivalence — is sufficient on its own to warrant reversal. Therefore, the court declines to address the others as they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

In his order, the ALJ concluded that V.D.V. "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926)." AR at 11. In reaching this conclusion, the ALJ found, without further discussion, that the "objective medical evidence and the opinion evidence of record do not indicate that the claimant has marked impairment in any of the four areas." *Id*. This statement, however, is "a bare conclusion . . . beyond meaningful judicial review." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

As it is relevant to considering disabilities in children, the Commissioner's listing of impairments, 20 C.F.R. Pt. 404. Subpt. p., app.1, "describes impairments that cause marked and severe functional limitations." 20 C.F.R. § 416.925(a). For each impairment, the Commissioner has set forth specific medical and other criteria that will satisfy the listing. *Id.* § 416.925(c)(3). To meet listing 112.04 (Depressive, bipolar and related disorders) and 112.11 (Neurodevelopmental disorders), the claimant must demonstrate medically documented persistence of at least one of the medically delineated symptoms[1], and marked impairment in at least two of the following four areas: (1) cognitive or communicative function; (2) social functioning; (3) personal functioning; and (4) concentration, persistence, or pace.

By comparison, a child's impairment or combination of impairments functionally equals the listings and, thus, constitutes a disability under the Act, when it results in "marked" limitations in two domains or an "extreme" limitation in one domain, as described in 20 C.F.R. § 416.926a. Under § 416.926a(b), the Commissioner

> considers how a child functions in his activities in terms of six domains: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being.

*Briggs,* 248 F.3d at 1237 (quoting 20 C.F.R. § 416.926a(b)(1)(i)-(vi)).

---

[1] For depressive, bipolar and related disorders, these symptoms include but are not limited to: feelings of hopelessness or guilt, suicidal ideation, a clinically significant change in body weight or appetite, sleep disturbances, an increase or decrease in energy, psychomotor abnormalities, disturbed concentration, pressured speech, grandiosity, reduced impulse control, sadness, euphoria, and social withdrawal. 20 C.F.R. Pt. 404, subpt. P, app. 1, § 112.04(A).

For neurodevelopmental disorders, these symptoms include but are not limited to: underlying abnormalities in cognitive processing; deficits in attention or impulse control; low frustration tolerance; excessive or poorly planned motor activity; difficulty with organizing; repeated accidental injury; and deficits in social skills. 20 C.F.R. Pt. 404, subpt. P, app. 1, § 112.11(A).

In a footnote, the Commissioner argues that the ALJ's discussion of the functional equivalencies is a sufficient basis for affirming the ALJ's conclusion that V.D.V. did not meet or medically equal a listing. *See* Doc. 16 at 9 n.5. The court disagrees. Although there is some overlap between the medical and functional equivalence inquiries, they are not entirely coextensive. *See Huffman v. Astrue*, 290 F. App'x 87, 89 (10th Cir. 2008); *Sabala ex rel. I.E.S. v. Astrue*, No. 10-CV-01902-REB, 2011 WL 4485913, at *2 (D. Colo. Sept. 28, 2011) (finding the ALJ committed legal error in failing to separately consider the "criteria of medical equivalence from those of functional equivalence"); *see also A.H. ex. rel. Williams v. Astrue*, No. 09 C 6981, 2011 WL 1935830, at *18 (N.D. Ill. May 18, 2011) ("Functional equivalence involves substantially different criteria than those used to determine medical equivalence."); *Prentice v. Apfel*, No. CIVA96CV851 (RSP/GJD), 1998 WL 166849, at *4 (N.D.N.Y. Apr. 8, 1998) (noting "[m]edical equivalence is based upon medical evidence only"); *compare* 20 C.F.R. § 416.926 (stating the standards for medical equivalence), *with id.* § 416.926a (stating the standards for functional equivalence). *But see Johnson ex rel. J.K.J. v. Colvin*, No. 12-CV-77-FHM, 2013 WL 3216064 at *4-5 (N.D. Okla. June 24, 2013) (concluding that the analysis of the functional equivalence can support the ALJ's decision despite his failure to analyze the medical listings). Indeed, the Tenth Circuit has held that it is reversible error for the ALJ not to analyze functional and medical equivalence independently in the context of considering a claim for childhood disability benefits. *Huffman,* 290 F. App'x at 89 (noting that "the Commissioner's rules for determining childhood disability claims explain that the six domains are specifically designed for determining functional equivalence and are completely delinked from the mental disorders and other listings") (quoting 65 Fed. Reg. 54746, 54755 (Sept. 11, 2000)).

In this case, the ALJ's opinion is well documented and detailed. However, in purporting to find that V.D.V.'s impairments were not medically equal to listing 112.04 or 112.11, the ALJ did not separately analyze the issue. That the ALJ may have considered various medical reports, records, and testimony in his functional equivalence analysis does not demonstrate he considered them with regards to the medical equivalence analysis, as he must. "In the absence of ALJ findings supported by specific weighing of the evidence, [this court] cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [V.D.V's] impairments did not meet or equal any listed impairment." *Clifton*, 79 F.3d 100. Such legal error renders this portion of the decision incapable of review, necessitating remand. *Huffman,* 290 F. App'x at 89.

## V. CONCLUSION

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

*Mar 07, 2018*
DATED at Denver, Colorado, this ____ th day of _____, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge
District of Colorado

7